1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  MICHAEL W. JORGENSON
   Supervising Deputy Attorney General
5  CYNTHIA C. FRITZ, State Bar No. 200147
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5793
    Fax: (415) 703-5843
8   Email: Cynthia.Fritz@doj.ca.gov

9  Attorneys for Defendants R. Loza, R. Singh, and D. Sandoval

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAHIR ALBERTO ROJAS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>R. LOZA, Correctional Officer, R. SINGH, Correctional Officer, D. SANDOVAL, Correctional Officer,<br><br>　　　　　　　　　　　Defendants. | C 07-4662 MMC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY DISCOVERY PENDING MOTION TO DISMISS AND MOTION FOR QUALIFIED IMMUNITY** |

TO JAHIR ALBERTO ROJAS, Plaintiff in pro per:

PLEASE TAKE NOTICE that Defendants R. Loza, R. Singh, and D. Sandoval (Defendants) move this Court to stay discovery pending a ruling on Defendant's Motion to Dismiss and Motion for Qualified Immunity.

**PRELIMINARY STATEMENT**

Plaintiff, a state prisoner at California State Prison Corcoran, filed a §1983 civil rights complaint in U.S. District Court for the Northern District of California on September 10, 2007.

(Compl., Court Document (CD) No. 1.) Plaintiff's allegations stem from a massive standoff at Salinas Valley State Prison on February 12, 2007. Plaintiff alleges that Defendants Loza, Singh, and Sandoval used unwarranted force when they removed him from the yard by handcuffing him too tightly, lifting him off the yard by his handcuffs, throwing him on the ground, spraying him with pepper spray, and assaulting him. (Compl., CD No. 1, at 4(I) ¶ 4 - 10.) On November 28, 2007, this Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A(a), and found that Plaintiff stated a cognizable claim for excessive force. (Order of Service, CD No. 8.)

On August 21, 2008, Plaintiff served a Request for Production of Documents, Set One, Request for Admissions, Set One, and Interrogatories, Set One. (Declaration of Cynthia C. Fritz (Decl. Fritz) ¶ 2.) On August 25, 2008, Defendant filed a Motion to Dismiss Plaintiff's suit under Federal Rule of Civil Procedure 12(b)(6) and Motion for Qualified Immunity. (Mot. Dismiss, CD No. 14.) Defendants' Motion to Dismiss was for failure to exhaust administrative remedies and Defendant also move for qualified immunity. (Mot. Dismiss, CD No. 14.)

## ARGUMENT

### DISCOVERY IN THIS CASE SHOULD BE STAYED PENDING A RULING ON THE THRESHOLD QUESTION OF QUALIFIED IMMUNITY.

The Supreme Court has made it clear that a district court should stay discovery until the threshold question of qualified immunity is settled. *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) ("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In *Anderson*, the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." *Anderson*, 483 U.S. at 646 (internal quotation marks omitted).

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Defensive Instruments, Inc. v. R.C.A. Corp.*, 365 F. Supp. 1053, 1054 (W.D. Pa. 1974). The Ninth Circuit has held, "[a] stay of discovery pending the resolution of another

1  issue is proper if discovery would not affect a decision on that issue." *Little v. City of Seattle*,
2  863 F.2d 681, 685 (9th Cir. 1988).
3    To require Defendants to respond to Plaintiff's discovery at this time would defeat the
4  important basis of the qualified immunity standard. A stay in discovery would allow for the
5  issue of qualified immunity to be disposed of before Defendants are required to respond to any
6  discovery. Finally, a stay will not interfere with the decision on Defendants' Motion to Dismiss
7  and Motion for Qualified Immunity.
8    If the Court denies this motion, Defendants respectfully request that the Court grant
9  Defendants thirty days from the date of the Court's order to respond to any discovery requests.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court grant this motion to stay discovery pending the Court's ruling on the threshold question of qualified immunity.

Dated: September 2, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

ROCHELLE C. EAST
Senior Assistant Attorney General

MICHAEL W. JORGENSON
Supervising Deputy Attorney General

*/s/ Cynthia C. Fritz*

CYNTHIA C. FRITZ
Deputy Attorney General
Attorneys for Defendants

20136830.wpd
SF2008401788

Def.'s Not. of Mot. and Mot. to Stay Disc.

*Rojas v. Loza, et al.*
C 07-4662 MMC