KARL J. KRAMER (CA SBN 136433)
Email: KKramer@mofo.com
TERESA N. BURLISON (CA SBN 230854)
Email: TBurlison@mofo.com
MATTHEW S. CHEN (CA SBN 253712)
Email: MChen@mofo.com
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California  94304-1018
Telephone: 650.813.5600

Attorneys for Plaintiff
JAHIR ALBERTO ROJAS

EDMUND G. BROWN JR.
Attorney General of California
MICHAEL W. JORGENSON
Supervising Deputy Attorney General
D. ROBERT DUNCAN (CA SBN 161918)
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:  (415) 703-5739
Fax:  (415) 703-5843
E-mail:  Robert.Duncan@doj.ca.gov

Attorneys for Defendants
R. LOZA, R. SINGH, AND D. SANDOVAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAHIR ALBERTO ROJAS,<br><br>               Plaintiff,<br><br>      v.<br><br>R. LOZA, Correctional Officer, R. SINGH,<br>Correctional Officer, and D. SANDOVAL,<br>Correctional Officer,<br>               Defendants. | No. 07-4662 MMC (PR)<br><br>**STIPULATED PROTECTIVE ORDER** |

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2.      DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and counsel (and their support staff).

2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that if disclosed to another party or non-party would create a serious risk of harm or serious injury to inmates or prison staff.

2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6.    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

1    2.8.   Counsel:  attorneys who are retained to represent or advise a Party in this

2  action.

3    2.9   Expert:  a person with specialized knowledge or experience in a matter

4  pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert

5  witness or as a consultant in this action.  This definition includes a professional jury or trial

6  consultant retained in connection with this litigation.

7    2.10   Professional Vendors:  persons or entities that provide litigation support

8  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

9  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

10  subcontractors.

11  3.   SCOPE

12    The protections conferred by this Stipulation and Order cover not only Protected Material

13  (as defined above), but also any information copied or extracted therefrom, as well as all copies,

14  excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

15  Parties or Counsel to or in court or in other settings that might reveal Protected Material.

16  4.   DURATION

17    Even after the termination of this litigation, the confidentiality obligations imposed by this

18  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

19  otherwise directs.

20  5.   DESIGNATING PROTECTED MATERIAL

21    5.1   Exercise of Restraint and Care in Designating Material for Protection.

22    Each Party or non-party that designates information or items for protection under this

23  Order must take care to limit any such designation to specific material that qualifies under the

24  appropriate standards.  A Designating Party must take care to designate for protection only those

25  parts of material, documents, items, or oral or written communications that qualify - so that other

26  portions of the material, documents, items, or communications for which protection is not

27  warranted are not swept unjustifiably within the ambit of this Order.

28

1    Mass, indiscriminate, or routinized designations are prohibited. Designations that are

2    shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

3    unnecessarily encumber or retard the case development process, or to impose unnecessary

4    expenses and burdens on other parties), expose the Designating Party to sanctions.

5    If it comes to a Producing Party's attention that information or items that it designated for

6    protection do not qualify for protection at all, or do not qualify for the level of protection initially

7    asserted, that Producing Party must promptly notify all other parties that it is withdrawing the

8    mistaken designation.

9    5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

10    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

11    ordered, material that qualifies for protection under this Order must be clearly so designated

12    before the material is disclosed or produced.

13    Designation in conformity with this Order requires:

14    (a) <u>for information in documentary form</u> (apart from transcripts of

15    depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

16    "CONFIDENTIAL" on each page that contains protected material.  If only a portion or portions

17    of the material on a page qualifies for protection, the Producing Party also must clearly identify

18    the protected portion(s) (e.g., by making appropriate markings in the margins).

19    A Party or non-party that makes original documents or materials available

20    for inspection need not designate them for protection until after the inspecting Party has indicated

21    which material it would like copied and produced. During the inspection and before the

22    designation, all of the material made available for inspection shall be deemed

23    "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

24    produced, the Producing Party must determine which documents, or portions thereof, qualify for

25    protection under this Order, then, before producing the specified documents, the Producing Party

26    must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected

27    Material.  If only a portion or portions of the material on a page qualifies for protection, the

28

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 calendar days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 calendar days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

1    6.    CHALLENGING CONFIDENTIALITY DESIGNATION

2           6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's

3    "CONFIDENTIAL" designation is necessary to avoid substantial unfairness, unnecessary

4    economic burdens, or later significant disruption or delay of the litigation, a Party does not waive

5    its right to challenge a confidentiality designation by electing not to mount a challenge promptly

6    after the original designation is disclosed.

7           6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

8    Designating Party's confidentiality designation must do so in good faith and must begin the

9    process by conferring directly with counsel for the Designating Party.  In conferring, the

10   challenging Party must explain the basis for its belief that the confidentiality designation was not

11   proper.  The Designating Party shall, within 10 calendar days after conferring with the challenging

12   Party, review the designated material, reconsider the circumstances, and, if no change in

13   designation is offered, explain the basis for the chosen designation.  If this meet and confer

14   process does not resolve the challenge, the challenging Party may proceed to the next stage of

15   the challenge process, i.e. seek appropriate relief from the Court.

16          6.3    Judicial Intervention.  A Party that elects to press a challenge to a

17   confidentiality designation after considering the justification offered by the Designating Party

18   may file and serve a motion, pursuant to FRCP 26(c), that identifies the challenged material and

19   sets forth in detail the basis for the challenge.  Such a motion must be accompanied by a

20   declaration that affirms that the movant has complied with the meet-and-confer requirements

21   imposed in Section 6.2 of this Stipulated Protective Order, and that sets forth with specificity the

22   justification for the confidentiality designation that was given by the Designating Party in the meet-

23   and-confer dialogue.  Until the court rules on the challenge, all parties shall continue to afford the

24   material in question the level of protection to which it is entitled under the Producing Party's

25   designation.

26   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

27          7.1    Basic Principles.  A Receiving Party may use Protected Material that is

28   disclosed or produced by another Party or by a non-party in connection with this case only for

1  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

2  disclosed only to the categories of persons and under the conditions described in this Order.

3  When the litigation has been terminated, a Receiving Party must comply with the provisions of

4  section 10, below (FINAL DISPOSITION).

5          Protected Material must be stored and maintained by a Receiving Party at a

6  location and in a secure manner that ensures that access is limited to the persons authorized

7  under this Order.

8          7.2   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

9  otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party

10  may disclose any information or item designated CONFIDENTIAL only to:

11          (a) the Receiving Party's Counsel of record in this action, as well as

12  employees of said Counsel to whom it is reasonably necessary to disclose the information for

13  this litigation;

14          (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably

15  necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective

16  Order" (Exhibit A);

17          (c) the Court and its personnel;

18          (d) court reporters their staffs, and professional vendors to whom

19  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

20  Bound by Protective Order" (Exhibit A);

21          (e) the author of the document or the original source of the information;

22  and

23          8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24          8.1   Disclosure to Plaintiff and Other Inmates.  Absent written permission by the

25  Designating Party or Court Order, information or items designated for protection under this order

26  shall not be shown or otherwise disclosed to Plaintiff or any other inmates.  The parties agree

27  that any videos of the yard disturbance at Salinas Valley State Prison and inmate interviews

28  designated pursuant to this order shall only be shown to Plaintiff to the extent necessary to

1  question him about the incident and prepare him for trial.  Plaintiff may not retain a copy of any

2  such videos, however.  Counsel for Plaintiff may of course have and retain copies of any items or

3  information designated for protection under this order.

4       8.2  <u>Unauthorized Disclosure by Receiving Party</u>.  If a Receiving Party learns that, by

5  inadvertence or otherwise, it has disclosed Protected Material to any person or in any

6  circumstance not authorized under this Stipulated Protective Order, the Receiving Party must (a)

7  notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to

8  retrieve all copies of the Protected Material, (c) inform the person or persons to whom

9  unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

10  persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

11  Exhibit A.

12       If the Designating Party learns that the Receiving Party has disclosed Protected Material

13  to any person or in any circumstance not authorized under this Stipulated Protective Order, the

14  Designating Party must immediately (a) notify, in writing, the Receiving Party of the suspected

15  unauthorized disclosures, (b) meet and confer with the Receiving Party in order to enable the

16  Receiving Party to inform the person or persons to whom unauthorized disclosures were made of

17  all terms of this Order, and (d) request such person to execute the "Acknowledgement and

18  Agreement to Be Bound" that is attached as Exhibit A.

19       Any knowing and willful violation of this Protective Order that results in disclosure of

20  Protected Material shall entitle the Designating Party to seek sanctions and any other relief the

21  Court deems appropriate.

22       9.    <u>USE OF PROTECTED MATERIAL IN COURT</u>

23       The parties shall confer and attempt to agree before any hearing or trial or additional

24  procedures which "CONFIDENTIAL" information may be introduced into evidence or

25  otherwise used in court, and shall seek approval from the court as necessary.  If necessary, the

26  court may be asked to issue an order governing the use of Protected Material.

27       10.    <u>FILING PROTECTED MATERIAL</u>

28       Without written permission from the Designating Party or a court order secured after

1    appropriate notice to all interested persons, a Party may not file in the public record in this action

2    any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

3    with Civil Local Rule 79-5

4         11.    FINAL DISPOSITION

5              Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

6    after the final termination of this action, whether by settlement, satisfaction of judgment, verdict,

7    appeal, or otherwise, each Receiving Party must return all Protected Material to the Producing

8    Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

9    compilations, summaries or any other form of reproducing or capturing any of the Protected

10   Material.  With permission in writing from the Designating Party, the Receiving Party may

11   destroy some or all of the Protected Material instead of returning it.  Whether the Protected

12   Material is returned or destroyed, the Receiving Party must submit a written certification to the

13   Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day

14   deadline that identifies (by category, where appropriate) all the Protected Material that was

15   returned or destroyed and that affirms that the Receiving Party has not retained any copies,

16   abstracts, compilations, summaries or other forms of reproducing or capturing any of the

17   Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

18   copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney

19   work product, even if such materials contain Protected Material.  Any such archival copies that

20   contain or constitute Protected Material remain subject to this Protective Order as set forth in

21   Section 4 (DURATION), above.

22        12.    MISCELLANEOUS

23             12.1    Right to Further Relief.  Nothing in this Order abridges the right of any

24   person to seek its modification by the Court in the future.

25             12.2    Right to Assert Other Objections.  By stipulating to the entry of this

26   Protective Order no Party waives any right it otherwise would have to object to disclosing or

27   producing any information or item on any ground not addressed in this Stipulated Protective

28

1  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

2  the material covered by this Protective Order.

3

4              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5  DATED: December 3, 2010          /s/ Teresa N. Burlison
                                    TERESA N. BURLISON
6                                   Attorneys for Plaintiff
7                                   *Jahir Alberto Rojas*

8  DATED: December 3, 2010          /s/ D. Robert Duncan
                                    D. ROBERT DUNCAN
9                                   Attorneys for Defendants
10                                  *R. Loza, R. Singh, and D. Sandoval*

11

12  PURSUANT TO STIPULATION, IT IS SO ORDERED.

13
14  DATED:  December 8, 2010        _____
                                    MAXINE M. CHESNEY
15                                  United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Northern District of

California on _____ **[date]** in the case of *Rojas v. Loza, et al*., Case No. 07-4662 MMC

(N.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____