UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHIR ALBERTO ROJAS,<br><br>  Plaintiff,<br><br>  v.<br><br>R. LOZA, *et al.*,<br><br>  Defendants. | No. C-07-4662 MMC (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**(Docket No. 84)** |

Currently pending before the Court is Plaintiff's motion to compel the production of certain documents. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion.

After the hearing herein, at the Court's request, Plaintiff has clarified his document request to seek the following four categories of documents:

(1) Documents relating to allegations, complaints, charges, and lawsuits relating to (a) use of force or violence in the workplace, (b) misconduct or misbehavior toward inmates, and (c) dishonesty or truthfulness[1];

(2) Documents relating to disciplinary or corrective action relating to the same;

(3) Documents relating to the training, policy, and practice of responding and investigating inmate administrative complaints of excessive force against correctional staff; and

---

[1] This would include inmate complaints which are called "staff complaints."

(4)     Documents relating to the training, policy, and practice of providing and recording medical treatment to inmates.

To the extent Defendants have asserted the official information privilege as a basis to withhold all documents, the Court rejects that argument.  Plaintiff has asserted a claim pursuant to federal law, *i.e.*, 42 U.S.C. § 1983.  Therefore, federal law on privilege is applicable, not state law. *See Kelly v. San Jose*, 114 F.R.D. 653, 655 (N.D. Cal. 1987).  While a federal court may still consider a privilege based on state law in a federal question case, it does so only as a matter of comity; state law is not binding.  *See id.* at 655-56.

In this District, courts applying comity concerns have generally applied a balancing test moderately pre-weighted in favor of the disclosure of law enforcement files.  *See id.* at 661.  Factors that are considered include:

> (1)     The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
>
> (2)     The impact upon persons who have given information of having their identities disclosed.
>
> (3)     The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
>
> (4)     Whether the information sought is factual data or evaluative summary.
>
> (5)     Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
>
> (6)     Whether the police investigation has been completed.
>
> (7)     Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.
>
> (8)     Whether the plaintiff's suit is non-frivolous and brought in good faith.
>
> (9)     Whether the information sought is available through other discovery or from other sources.
>
> (10)    The importance of the information sought to the plaintiff's case.

*Id.* at 663.

2

1  Taking into consideration the above factors, the Court concludes that the official information
2  privilege should not bar production, especially since Plaintiff has now narrowed the first two
3  categories of documents (as described above) to those which may have some bearing on this case.[2]
4  If a Defendant does not have any responsive documents for a particular category, then that
5  Defendant shall state such in a declaration.

6  As for categories (3) and (4), the Court shall only require Defendants to provide "high level"
7  documents.  The Court notes that these documents are not as directly relevant to the case as inmate
8  complaints; however, they may contain relevant evidence and, notably, Defendants have failed to
9  demonstrate that their production would be unduly burdensome.  While Defendants have speculated
10 that there may be a security risk, the Court is hard pressed to see one, especially since Defendants
11 have apparently produced training documents on use of excessive force.  Moreover, any such risk is
12 easily ameliorated by limiting access to these documents to attorney's eyes only.

13 Accordingly, the Court grants in part and denies in part Plaintiff's motion to compel.  Only
14 those documents described above shall be produced.  The documents shall be produced pursuant to a
15 protective order limiting access to the documents to attorney's eyes only.  The documents shall be
16 produced within 21 days of the date of this Order.

17 This order disposes of Docket No. 84.
18 IT IS SO ORDERED.

20 Dated: May 17, 2011

22 _____
   EDWARD M. CHEN
   United States Magistrate Judge

---

[2] With respect to category (1), the Court notes that Defendants did offer as a compromise the provision of inmate complaints related to excessive force.

The Court further notes that, for category (2), Plaintiff asks that the production include documents identified in Defendants' privilege log.  *See* Docket No. 91 (Appendix A).  All of these documents, with the exception of one, refer to use of force or false reports, and therefore should be produced as they would be covered by category (2).  As described in the privilege log, AGO-001801 through AGO-001826 do not relate to use of force or false reports; however, if they otherwise fall within the ambit of category (2), then they should also be produced.

3